[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2009
THOMAS K. KAHN
CLERK

No. 08-12133

_____

D. C. Docket No. 05-00174-CR-JTC-1

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

ROBERTO CHAVEZ-GONZALEZ,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 26, 2009)

Before BLACK and MARCUS, Circuit Judges, and BUCKLEW,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Susan C. Bucklew, United States District Judge for the Middle District of Florida, sitting by designation.

Roberto Chavez-Gonzalez appeals the district court's denial of his motion to dismiss the indictment against him for violation of the Speedy Trial Act. We review the denial of a motion to dismiss under the Speedy Trial Act *de novo* and the district court's factual determinations on excludable time for clear error. *United States v. Harris*, 376 F.3d 1282, 1286 (11th Cir. 2004). The Speedy Trial Act requires a defendant be brought to trial within 70 days of the filing of his indictment, or his first appearance before a judicial officer, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Act also sets forth certain periods of delay that are excludable from the calculation of the 70-day limit. *See* 18 U.S.C. § 3161(h).

For Appellant, the relevant excludable time includes (1) "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," and (2) " [a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(1)(F), (h)(7).

Appellant's codefendant filed two motions that were pending before the district court. The delay resulting from these two motions is excludable from Appellant's speedy trial clock. After reviewing the record and the parties' briefs and having the benefit of oral argument, we conclude the period of delay resulting

2

from the motions was reasonable.  For these reasons, there was no violation of the Speedy Trial Act.

**AFFIRMED.**